UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| DAVID BRIDGES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | 2:13-cv-00082-JDL |
|  | ) |  |
| MAURICE OUELLETTE, | ) |  |
|  | ) |  |
| Defendant | ) |  |

**ORDER ON MOTION FOR LEAVE TO AMEND**

Plaintiff David Bridges requests leave to file a Second Amended Complaint to add former York County Jail Captain Leo Rogers as a defendant. (Motion for Leave to File, ECF No. 72.) After consideration of the parties' arguments, as explained below, the Court grants the Motion.

**FACTUAL BACKGROUND**

In his Amended Complaint, Plaintiff alleges that while he was a pretrial detainee, Defendants, who include the York County Sheriff, a number of York County Jail officers and supervisors, and personnel of Corizon Inc., violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. In particular, Plaintiff alleges that he was denied necessary mental health treatment, that his mental health deteriorated, that he engaged in self-mutilation while held in isolation, that he was subjected to a prolonged and unnecessary period of physical restraint rather than supplied with appropriate mental health treatment, and that he was assaulted with excessive force.

Through his motion, Plaintiff seeks to assert a claim against former York County Jail Captain Leo Rogers. According to Plaintiff, he first learned of Captain Rogers's participation in the underlying events during a recent deposition. Plaintiff would include Captain Rogers as a

defendant on Count 3, in which count Plaintiff asserts both deliberate indifference toward cruel and inhumane treatment and excessive and unreasonable force in connection with the alleged 24-day use of full physical restraints. (Proposed Second Amended Complaint ¶¶ 88-89 & Count 3.) Plaintiff does not seek to add any new legal theories or claims.

## DISCUSSION

### A. *The Motion to Amend Standard*

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case.[1] *Id.*

## B. *Discussion*

Plaintiff asserts that he only recently learned of Captain Rogers's involvement at the depositions of Defendants Bean and Kortes on July 22, 2014, who testified that Captain Rogers was involved in the decision to place Plaintiff in restraints and to leave him in restraints for 24 days. (Motion at 2.) Plaintiff maintains that to that point, discovery was "vague and unclear" as to Captain Rogers's participation, and that Plaintiff was unable to conduct the Bean and Kortes depositions at an earlier date due to counsel's busy trial schedule in April, May, and June. (*Id.*)

Because Plaintiff's requested amendment would not add additional theories of recovery, the Court does not believe that the addition of Captain Rogers would result in significant additional discovery or any material delay in the case. Captain Rogers, if joined as a party, presumably would have the benefit of and would not have to repeat the discovery that has been conducted to date. Thus, the additional discovery (e.g., deposition of Captain Rogers) would be relatively limited.

---

[1] In some circumstances, parties may amend their pleadings even during, or following, trial. Fed. R. Civ. P. 15(b).

Under the circumstances, the Court concludes that Plaintiff is proceeding diligently and in good faith, and that the amendment is not proposed for purposes of delay. The Court, therefore, grants the motion.[2]

**CONCLUSION**

Based on the foregoing analysis, the Court grants Plaintiff's Motion for Leave to File Second Amended Complaint to Add Party Defendant (ECF No. 72). Plaintiff shall file the Second Amended Complaint on or before September 12, 2014.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Date this 8th day of September, 2014.

---

[2] Because the Court does not anticipate much additional discovery will be necessary, the Court will not at this time modify any of the deadlines in the current Scheduling Order. If, after he is joined as a party, Captain Rogers believes that a modification of the Scheduling Order is warranted, the Court will convene a telephonic conference to discuss the requested modification, including the impact, if any, of the proposed modification on the Defendants' ability to file dispositive motions.